**GELLATLY v. WETMORE.**

**No. 10011.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 6, 1949.

Decided Aug. 1, 1949.

Mr. Stanley Suydam, Washington, D. C., for appellant.

Mr. Marvin C. Taylor, Special Attorney, Department of Justice, Washington, D. C., with whom Mr. H. G. Morison, Assistant Attorney General, Mr. George Morris Fay, United States Attorney, Washington, D. C., and Mr. Edward H. Hickey, Special Assistant to the Attorney General, were on the brief, for appellee. Mr. John D. Lane, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant is the widow of John Gellatly and is the administratrix of his estate. She brought a civil action in the District Court of the United States for the District of Columbia, praying that the court require the defendant to surrender and deliver to her certain personal property, or to pay her the fair market value of the property. The defendant is the Secretary of the Smithsonian Institution. Motions for summary judgment were made by both parties, and the court granted the motion of defendant-appellee.

Some years ago, pursuant to a resolution of the House of Representatives,[1] Mrs. Gellatly filed a petition with the Court of Claims concerning this property. That court took testimony and, in May, 1947, made elaborate findings of fact, which are

---

[1] H. R. Res. No. 139, 78th Cong., 2d Sess. (1944).

reported at 71 F.Supp. 357, 108 Ct.Cl. 650. It concluded:

" * * * There is no basis in law or in equity to set aside the gift or transfer and no basis in law or equity to allow a recovery in behalf of the Gellatly estate.

* * * * * *

"Whether any sum should be appropriated directly for Mrs. Gellatly by way of a gift, grant or donation to her in the circumstances is a matter for the determination of the Congress. Certainly the Gellatly estate has no claim either legal or equitable against the Government, since the National Gallery of Art and the Smithsonian Institution have lived up to their agreement with Mr. Gellatly in every way." [2]

The court transmitted its findings, conclusion and opinion to the House of Representatives, in accordance with the statute requiring it so to do. It is stipulated in the present proceeding that those findings may be accepted as facts here.

Briefly summarized, the facts are that before his marriage Mr. Gellatly was the owner of a large and valuable art collection. He offered to give the collection to the Smithsonian Institution, upon certain conditions, which offer was accepted and the transfer completed. The Smithsonian took possession of the collection; maintained it in its then locale in New York City, in accordance with the agreement of transfer, until the lease expired; retained the then curator, also in accordance with the agreement, and thereafter transferred the collection to Washington, where it is now exhibited in what is known as the National Collection of Fine Arts. Mrs. Gellatly's claim is that when she married Mr. Gellatly she understood that he was a man of great wealth; that she subsequently discovered that all of his supposed wealth was represented by the art collection, and that, therefore, after his gift or transfer of that collection, he had nothing. Her argument is that the transfer was not valid as a gift, because a con-

sideration passed, and that it was not valid as a sale to the Smithsonian, because that Institution had not received from the Congress an appropriation of funds for the acquisition. The answers to these arguments are: (1) The alleged consideration was not actually a consideration for the gift but consisted of payments of the rent on the gallery then under lease in New York, payments of salary to the then curator, and sums expended for maintenance and upkeep of the collection. These payments did not constitute a consideration for the transfer but merely represented the assumption of future necessary obligations for the maintenance and care of the collection until the lease on the gallery expired and the collection could be transferred to Washington. (2) The Smithsonian had available ample funds of its own to meet the obligations it incurred and, therefore was not dependent upon an appropriation by the Congress.[3] (3) Congress, by a joint resolution on June 5, 1929,[4] reciting the offer of Mr. Gellatly and its acceptance by the Smithsonian, authorized the Institution to include in its estimates of appropriations such sums as might be needful for the preservation and maintenance of the collection. While this authorization, without an express appropriation, might not be sufficient to justify a purchase by one of the departments of the Government bound by the ordinary rules as to purchases by Government agencies, it is sufficient to prevent the invalidation of a transfer clearly intended by both parties and specifically approved by Congress, especially where the governmental institution involved is the Smithsonian, which has available its own funds free from congressional appropriation.

The exhaustive findings of the Court of Claims make unnecessary further discussion of those facts here. We are in agreement with that court and with the District Court in their conclusions upon the matter.

Appellant argues in her brief and oral argument that the transfer was a fraud

---

[2] 71 F.Supp. at page 359–360, 108 Ct.Cl. at pages 676–678.

[3] 20 U.S.C.A. §§ 44, 46, 49, 50, 54, 55, 56, 57.

[4] Sen.Jt.Res.No.34.

on her antenuptial rights, but her complaint in the present action makes no allegation or claim of fraud. The judgment of the District Court is

Affirmed.